IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL ROBLES COTA, ) | |
|      Petitioner, ) | |
| v. ) | CIV 08-00565 PHX SMM (MEA) |
| DORA SCHRIRO and ) | REPORT AND RECOMMENDATION |
| WARDEN BEZY, ) | |
|      Respondents. ) | |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

On March 26, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses ("Answer") (Docket No. 10) on September 15, 2008. Pursuant to the prison mailbox rule, the Petition was "filed" on March 17, 2008, the date it was signed by Petitioner and presumably placed in the prison mail system. See Laws v. Lemarque, 351 F.3d 919, 922 n.2 (9th Cir. 2003).

Respondents contend the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Petitioner filed a Traverse to Answer and Points and Authorities in Support of

Traverse on October 6, 2008. See Docket No. 11 & Docket No. 12.

**I Procedural History**

In his habeas petition Petitioner challenges his conviction by the Maricopa County Superior Court in Docket No. CR2002-012505, pursuant to his guilty plea in that matter. See Docket No. 1. On August 9, 2002, Petitioner was charged by an information with a domestic violence offense, i.e., touching a woman in violation of an order of protection. Answer, Exh. A. Pursuant to a written guilty plea in that matter, written in English and signed by Petitioner on October 29, 2002, Petitioner was convicted on one count of aggravated assault. See Petition; Answer, Exh. B & Exh. C. A plea hearing regarding the guilty plea was held on October 29, 2002, at which hearing an interpreter was present and the state court ascertained Petitioner knowingly and voluntarily pled guilty pursuant to the plea agreement. Id., Exh. C. On November 26, 2002, imposition of sentence was suspended and Petitioner was placed on three years probation. Answer, Exh. D.

Prior to the time of his sentencing in CR2002-012505, i.e., on May 31, 2002, Petitioner pled guilty in Maricopa County Docket No. CR2002-006268 to aggravated assault, a class 6 felony, and on July 2, 2002, pursuant to the conviction, the state trial court suspended the imposition of sentence and placed Petitioner on probation for 3 years. Id., Exh. Exh. O & Exh. P.

Additionally, on October 29, 2002, at the same time that he entered his guilty plea in Docket No. CR2002-12505,

-2-

Petitioner also pled guilty in Maricopa County Docket No. CR2002-015115, to two counts of attempted child molestation. See Cota v. Schriro, CV 08-00568 PHX SMM (MEA) at Docket No. 1. On December 12, 2002, after being sentenced in the other two criminal matters mentioned *supra*, Petitioner was sentenced to 10 years imprisonment, followed by lifetime probation, pursuant to his conviction in CR2002-015115. See id. Petitioner has filed a separate section 2254 habeas petition challenging his conviction in CR2002-015115 and alleging his guilty plea in that matter was "coerced." Id. The Court has ordered Respondents to answer the petition in that matter on or before October 20, 2008. Id. at Docket No. 3.

Petitioner has been incarcerated by the State of Arizona since December 2002, pursuant to his conviction in Maricopa County Docket No. CR2002-015115. See Answer, Ex. O.

More than three years after he was sentenced in CR2002-012505, on February 2, 2006, Petitioner filed an action for state post-conviction relief from his conviction in that matter, pursuant to Rule 32, Arizona Rules of Criminal Procedure. Answer, Exh. E. Petitioner alleged he should be excused from the timeliness requirements set forth in Rule 32.4(a) of the Arizona Rules of Criminal Procedure, because his failure to timely initiate his post-conviction proceeding was "without fault on [his] part," and because he is actually innocent, and because he had discovered new evidence "which would change the plea agreement, the verdict and the sentence." With regard to the bases for relief, Petitioner alleged, inter

-3-

alia, that his counsel was unconstitutionally ineffective.

The Arizona trial court dismissed the Rule 32 action on March 14, 2006, finding the action was not timely filed and that Petitioner had not stated a proper exception to the timeliness rule. Id., Exh. F.[1] Petitioner did not seek review of this decision by the Arizona Court of Appeals.

Petitioner filed another action for Rule 32 relief in CR2002-012505 on April 6, 2006. Id., Exh. G. Petitioner alleged, inter alia, that his guilty plea was involuntary because his counsel was unconstitutionally ineffective. The second action was dismissed on May 12, 2006, as untimely. Id., Exh. H. The state trial court concluded:

> Defendant filed on April 18, 2006 another untimely Notice of Post-Conviction Relief. The Court dismissed a prior untimely notice on March 14, 2006. Defendant claims that his failure to timely pursue Rule 32 relief was not his fault because he was unaware of the issues that could be presented until he contacted Rule 32 counsel in the latter part of 2005-early 2006. This does not excuse defendant from failing to file the notice within 90 days of sentencing, however. The record shows that defendant was advised at sentencing, and in the Notice of Rights of Review After Conviction and Procedure he signed on November 26, 2002, of his rights to seek post-conviction relief and the 90-day filing deadline. He has not shown that the failure to timely file the notice was without fault on his part, as required by Rule 32.1(f), Arizona Rules of Criminal Procedure.

Id., Exh. H.

---

[1] Pursuant to Rule 32.4(a), Arizona Rules of Criminal Procedure, a state prisoner who pled guilty has 90 days from the date of sentencing to file an action seeking state post-conviction relief.

Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on August 1, 2007. See id., Exh. K. Petitioner filed pleadings construed as an appeal of this decision to the Arizona Supreme Court, which declined to provide relief on October 26, 2007. Id., Exh. M.

In his federal habeas petition Petitioner asserts he is entitled to relief from his conviction in CR2002-012505 because:

1. He was convicted without being first indicted by a grand jury, in violation of his Fifth Amendment rights and because "the plea agreement claims a different cause number." Petitioner also alleges the plea agreement was involuntary because his counsel "never explained case being changed for whatever circumstances."

2. He was convicted in violation of his Sixth Amendment right to confront witnesses against him and to his right to the effective assistance of counsel. Petitioner alleges his counsel was ineffective, *inter alia*, because counsel did not speak Spanish and because he did not properly investigate Petitioner's case.

3. His Eighth Amendment right to be free of cruel and unusual punishment "was violated when Petitioner was sentenced to 'life time probation.'"

4. His Ninth Amendment rights were violated, arguing that he has non-specific constitutional rights protected by the Ninth Amendment which were violated by his criminal conviction.

5. He was convicted in violation of his Fourteenth Amendment right to due process of law. Petitioner contends his

-5-

right to due process was violated because his counsel was unconstitutionally ineffective.

In his habeas petition Petitioner alleges that he does not "speak, write nor understand English," that he is indigent, that he does not understand the law, and that he has been repeatedly moved from one prison facility to another since his conviction in 2002.

## II Analysis

Respondents do not contend that Petitioner is not "in custody" pursuant to the conviction he seeks to vacate.

> Although Petitioner's probationary term ostensibly expired November 26, 2005, it seems he has not yet satisfied that term. Petitioner has been incarcerated pursuant to CR 2002-015115 since December 2002 (see Ex. O), and Arizona law provides that a defendant cannot satisfy a probation term by serving a term of imprisonment. See A.R.S. § 13-903(E) ("If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation."). Accordingly, Petitioner appears to still be in custody for CR 2002-012505, i.e., subject to an eventual term of probation for this matter, and this Court appears to possess jurisdiction over the habeas petition. ...

### Relevant statute of limitations

The habeas petition challenging a conviction which became final on or about February 24, 2003, is barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state

-6-

convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final upon the completion of any timely action seeking state post-conviction relief from his convictions and sentences, i.e., on or about February 24, 2003. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."); Ariz. R. Crim. P. 32.4(a) (2008). Therefore, Petitioner had until February 24, 2004, to file his federal habeas action.

Petitioner did not file a federal habeas petition on or before February 24, 2004. Additionally, Petitioner did not file a timely action for state post-conviction relief during this time period, which would have tolled the statute of limitations on his federal habeas petition. Petitioner's first action for state post-conviction relief with regard to this conviction was

filed on February 7, 2006, more than three years after he was sentenced in CR2002-012505. The state trial court dismissed the action for state post-conviction relief as not timely filed, and Petitioner's subsequent action for state post-conviction relief was also dismissed as not timely filed.

A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Additionally, neither of the untimely-filed state petitions for post-conviction relief could toll the statute of limitations on Petitioner's federal habeas action because a state petition that is not filed within the state's required time limit is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Harris, 515 F.3d at 1053-54 & n.4; Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1055-56

-8-

(discussing standard and holding equitable tolling was warranted when the petitioner had relied on prior Circuit Court of Appeals precedent regarding the timely filing of his petition); <u>Malcom v. Payne</u>, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See <u>Harris</u>, 515 F.3d at 1055 (stating a petitioner's "oversight, miscalculation," or "negligence" would not warrant equitable tolling).

A federal habeas petitioner seeking equitable tolling must act with "reasonable" diligence throughout the period he seeks to toll. See e.g., <u>Bryant v. Arizona Att'y Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007); <u>Warren v. Garvin</u>, 219 F.3d 111, 113 (2d Cir. 2000); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See <u>Bryant</u>, 499 F.3d at 1059-60 (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the cause for his failure to timely file his federal habeas action. See <u>Pace</u>, 544 U.S. at 418-19; 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); <u>Shannon v. Newland</u>, 410

-9-

F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

In his reply to Respondents' answer to his habeas petition, Petitioner contends he is in custody in violation of his constitutional rights and that he has exhausted his federal habeas claims. See Docket No. 11. Petitioner demands an evidentiary hearing with regard to all of the claims stated in his federal habeas petition. Petitioner asserts that his petition is timely because the statute of limitations was, he asserts, tolled. Petitioner asserts "there have been no state procedural defaults" and that the state court erred by relying "on a procedural default in rejecting Petitioner's claims." Petitioner contends that the rule relied upon by the state court to bar consideration of his claims on the merits is not firmly established and regularly followed.

With regard to the allegation that his claims are not timely, Petitioner also states: "The habeas petition is timely. This Petitioner does not ask the court to creat[e] an equitable exception, Petitioner asks the court to find reasonable cause to grant equitable tolling..." Petitioner further contends that, with regard to "the state procedural bar," a failure to review the merits of his claims "will result in a fundamental miscarriage of justice."

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

A petitioner may be entitled to equitable tolling of the statute of limitations based on the denial of access to a law library. See, e.g., Roy v. Lampert, 465 F.3d 964, 974-75 (9th Cir. 2006) (finding the contention that a prison law library was unavailable to be a sufficient allegation of extraordinary circumstances to warrant an evidentiary hearing on equitable tolling). However, in this matter Petitioner has not met his burden of establishing this basis for equitable tolling because he offers only conclusory claims, which are insufficient to establish an extraordinary circumstance, i.e., that the law library at the Texas facility where he was incarcerated was inadequate. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (concluding it was "not enough" for the petitioner to allege the prison facility "lacked all relevant statutes and case law," and suggesting that to warrant tolling a petitioner must provide "specificity regarding the alleged lack of access

-11-

and the steps he took to diligently pursue his federal claims").

Neither has Petitioner established a causal connection between the alleged lack of an adequate law library and his failure to timely file his federal habeas petition. Petitioner claims only that he was denied access to a law library as of April of 2005, more than one year after the statute of limitations expired. See Petition at at 12 & Exh. P & Exh. Q. Petitioner does not allege that he was deprived of adequate access to a law library prior to the expiration of the statute of limitations and, therefore, he is not entitled to equitable tolling on this basis. See Milligan v. Scribner, 220 Fed. App. 746, 747 (9th Cir. 2007) (finding the petitioner had not established a causal link between the alleged lack of a law library and his failure to file a petition for more than six years); Miller, 141 F.3d at 978.

Petitioner also alleges the statute of limitations should be equitably tolled because he does not speak, write, or understand English and, therefore, that he had difficulty pursuing his rights in state court. See Petition at 12. The Ninth Circuit Court of Appeals has "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but [has] recognized that equitable tolling may be justified if language barriers actually prevent timely filing." See Mendoza v. Carey, 449 F.3d 1065, 1069–70 (9th Cir. 2006). Compare Yang v. Archuleta, 525 F.3d 925, 929-30 (10th Cir. 2008). However, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during

-12-

the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza, 449 F.3d at 1070.

Petitioner has not met his burden of establishing, pursuant to the standard stated in Mendoza, that he was unable to procure any assistance in his own language or that this was the reason for his failure to file a habeas petition within the statute of limitations. Petitioner does not allege that he could not obtain a translator or Spanish-language legal materials during the relevant filing period, and he does not detail any steps taken from early 2003 through 2005 to timely file a habeas petition.

As noted by Respondents, in his habeas petition Petitioner allows he "had in many instances [during his incarceration] someone to interpret for [him] and [an] English speaking individual helping [him]." Docket No. 1, Exh. Q at 204. Additionally, Petitioner was able to initiate a state post-conviction proceeding in a different case, i.e., CR2002-015115, in 2003, see Answer, Exh. O, indicating that, at the time his state post-conviction action should have been filed in this matter and his federal habeas petition in this matter should have been filed, Petitioner was capable of filing legal documents in English, despite his purported language barrier. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations based on a purported language barrier.

-13-

### III Conclusion

Petitioner's habeas action was not timely filed within the one-year statute of limitations. Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Cota's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration

of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of October, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-15-