**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Robles Cota,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 08-0565-PHX-SMM (MEA)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

      Pending before the Court is Petitioner Manuel Robles Cota's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (Dkt. 1). The matter was referred to the magistrate judge for a Report and Recommendation. On October 24, 2008, the magistrate judge filed a Report and Recommendation with this Court recommending that the Petition be denied on its merits (Dkt. 13). On November 3, 2008, Mr. Cota filed his Objection to the Report and Recommendation (Dkt. 14). The government did not respond to Mr. Cota's Objection. After considering the Report and Recommendation and the arguments raised in Mr. Cota's Objection thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

      When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d

1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## DISCUSSION[1]

In his Petition, Mr. Cota challenges his conviction by the Maricopa County Superior Court, CR 2002-012505, pursuant to his guilty plea in that matter (Dkt. 1). Petitioner's conviction became final on or about February 24, 2003. More than five years later, Petitioner filed his Petition on March 26, 2008. The Magistrate Judge found that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") barred the Petition. The Magistrate Judge concluded that no statutory tolling applied because Petitioner did not properly file an action for state post-conviction relief. The Magistrate Judge also concluded that no equitable tolling applied because Petitioner did not meet his burden of establishing extraordinary circumstances beyond his control made it impossible for him to file the Petition on time.

Petitioner generally objects to every factual finding and legal conclusion made by the Magistrate Judge. Petitioner specifically objects to the Report and Recommendation on the ground that equitable tolling should apply. Petitioner contends that under Roy v. Lampert, 465 F. 3d 964 (9th Cir. 2006), he is entitled to an evidentiary hearing on equitable tolling. Petitioner also contends that the language barrier, transfers between facilities, and limited access to the prison law library warrant an evidentiary hearing on equitable tolling.

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and the objections having been made by Petitioner thereto, the Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments. Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

///

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Dkt. 13).

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the magistrate judge (Dkt. 13).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED this 25th day of November, 2008.

Stephen M. McNamee
United States District Judge